# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **LINCOLN DILLE, II** | **PLAINTIFF** |
| **v.** | **3:16-cv-686-FKB** |
| **CAPTAIN SANDRA DALTON** | **DEFENDANTS** |

## ORDER

This case is before the Court on Defendant Sandra Dalton's Motion for Summary Judgment [55]. For the following reasons, the Court finds that the motion should be granted.

Plaintiff Lincoln Dille, II was a pretrial detainee in the custody of Hinds County, Mississippi, from February 2014 until August 2018. The Court has previously granted summary judgment in favor of three other defendants: Hinds County, Mississippi, former Hinds County Sheriff Tyrone Lewis, and current Hinds County Sheriff Victor Mason. [54].[1] The Court also granted summary judgment in favor of Sandra Dalton on Dille's claims against her, save one. *Id.* Specifically, the Court denied Dalton's motion for summary judgment as to Dille's claim that while he was housed at the Jackson Detention Center, Dalton threatened to transfer him to the Raymond Detention Center because he had corresponded with the ACLU. [13] at 1; [54] at 5-6. Dalton now moves for summary judgment in her favor as to this sole remaining First Amendment retaliation claim.

### I. Factual Allegations

The claim at issue comes from a single sentence in Dille's pleadings. He alleges that on October 17, 2016, Dalton "threaten[ed] to send [him] to Raymond for . . . writing the ACLU." [13]

---

[1] The Court's Order of March 18, 2019, contains a full recitation of the relevant facts and of Dille's allegations as to all four original defendants.

1

at 1. He alleges four other inmates witnessed the threat. *Id.* at 1-2. Dille has provided no other information regarding this alleged threat or any evidence in support of his claim.

On June 27, 2018, the Court held an omnibus hearing to give him an opportunity to more fully describe his allegations. When asked by the Court why he filed suit against Dalton, Dille did not mention the ACLU or her alleged threat to transfer him. [52-2] at 15. Further, Dille has failed to respond to any of the three motions for summary judgment that Defendants have filed during this case's pendency.[2]

In support of her motion, Dalton has submitted an affidavit from Warden Mary Rushing. Rushing testifies that on or about November 3, 2016, she ordered the administrative transfer of Dille from the Jackson Detention Center to Raymond. [55-1] at 1. She explained that she did so because "Dille had become a disciplinary problem at the Jackson facility." *Id.* She testified that

> [t]he transfer out of the Jackson detention facility was in the interest of security and restoring discipline and order, namely to segregate Mr. Dille from the inmates whom he associated with at the Jackson facility – inmates whose association [she] felt was contributing to his becoming a disciplinary problem for the officers at HCDC Jackson.

*Id.* According to Rushing, she "had no personal knowledge at the time that Mr. Dille was corresponding with the [ACLU]." *Id.* She further testified that, "[t]he transfer was not requested by Commander Sandra Dalton." *Id.*

Jail records show that the only mail Dille received from the ACLU arrived on November 23, 2016, nearly three weeks after he had already been transferred to Raymond. [52-1] at 23.

## II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] The Court notes that it explained to Dille during the omnibus hearing that when a party files a motion, he has 14 days to respond. [52-2] at 19.

2

Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th ir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

**Analysis**

"A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts . . . ." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "An action taken by prison officials that is motivated by retaliatory animus may be actionable even though it would be legitimate if taken for a different reason." *Kearey v. Collier, et al*, No. 2:17-cv-00080, 2019 WL 3470759, at *9 (S.D. Tex. June 17, 2019)(citing *Woods*, 60 F.3d. at 1165). "To state a valid § 1983 claim for retaliation, a prisoner must allege: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Id.* at *10 (citing *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)).

Accepting Dille's allegations that Dalton "threaten[ed] to send [him] to Raymond for . . . writing the ACLU" as true, Dille can likely make a showing that would satisfy the first three

3

elements of a First Amendment retaliation claim. As to the first element, "[p]risoners clearly have a constitutionally protected right of access to the courts." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). "A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech—*i.e.*, the right to be free from unjustified governmental interference with communication." *Young v. Maxey*, Civil Action No. 08-0336, 2008 WL 3929347, at *1 (W.D. La. Aug. 4, 2008)(quoting *Brewer v. Wilkinson*, 3 F.3d 816, 820, (5th Cir .1993), *cert. denied*, 510 U.S. 1123 (1994)).

With regard to the second element, Dalton's alleged threat to transfer Dille to the Raymond Detention Center could be evidence that she intended to retaliate against him for his decision to correspond with the ACLU. And it is uncontroverted that Dille was, in fact, transferred to Raymond just a couple of weeks after the alleged threat was made, possibly satisfying the third element.[3]

However, Dille has provided no evidence that Dalton's alleged threat, or her motivation behind that threat, was the impetus behind his eventual transfer to Raymond. In fact, the only evidence before the Court demonstrates that Dalton played no role at all in Dille's transfer. According to Warden Rushing, she alone made the decision to transfer Dille, and her motivation for ordering the transfer was Dille's own disruptive behavior. She had no knowledge of his correspondence with the ACLU. Because Dille cannot demonstrate that Dalton's intent to retaliate against him actually caused any retaliatory act to occur, he cannot meet the fourth element necessary to make out a valid § 1983 retaliation claim. Accordingly, Sandra Dalton is entitled to summary judgment in her favor.

---

[3] The Court does not find it necessary to go into an in-depth analysis as to whether the transfer actually amounted to a retaliatory act, as the fourth element, discussed *infra*, is dispositive of Dille's claim.

## Conclusion

Defendant Sandra Dalton's Motion for Summary Judgment [55] is granted. This case is dismissed. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 18th day of September, 2019.

    /s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE